**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
DALLAS DIVISION**

|  |  |
|---|---|
| **AIDA LOPEZ, Individually and on Behalf of All Other Persons Similarly Situated,** § § § § | CASE NO. _____ JURY |
| **Plaintiffs,** § § | |
| **v.** § § | |
| **LVNV FUNDING, L.L.C.** § | |
| **Defendant** § | |

**PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT
AND JURY TRIAL DEMAND**

Plaintiff Aida Lopez, individually and on behalf of all other persons similarly situated, files this Plaintiff's Original Class Action Complaint and Jury Trial Demand complaining of Defendant LVNV FUNDING, LLC. This action is filed for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiff alleges as follows.

**PARTIES**

1.  Plaintiff AIDA LOPEZ is a Texas citizen and resident of Dallas County, Texas.

**2.**  Defendant LVNV Funding, LLC (hereinafter "LVNV") is, upon information and belief, a Delaware limited liability company but which fails to maintain a registered agent in the State of Texas. Its principal office is located at 15 South Main Street, Suite 600, Greenville, South Carolina 29601 and Defendant may be served with process by

serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because Defendant has not designated or maintained a resident agent for service of process in Texas, as required by statute and engages in business in Texas.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this case under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1331.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this state and subject to personal jurisdiction throughout the state; (ii) upon information and belief Defendant transacts business in the State and in the District because it has contracted with residents of the District through its purchase of the contracts with residents of the District; (iii) upon information and belief Defendant further transacts business in the State and in the District because it is attempting to collect debts in the state and District; (iv) upon information and belief Defendant has committed illegal acts in the District by misrepresenting the amount of debt owed, and (v) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

5. Defendant LVNV FUNDING, LLC, is a "debt collector" as that term is defined in 15 U.S.C. § 1692a (6).

6.     Upon information and belief, Defendant LVNV FUNDING, LLC purchased an account in the name of Plaintiff Lopez (hereinafter referred to as "the Lopez account."). At the time Defendant LVNV FUNDING, LLC acquired the Lopez account, the account was in default.

7.     On or about February 14, 2008, Defendant LVNV FUNDING, LLC sent Plaintiff a "Notice of Intent to Sue" letter.  The letter represented that the balance on the account was $ 6148.65.

8.     Soon thereafter, Defendant LVNV FUNDING, LLC sued Plaintiff in the Justice Court of Dallas County, Texas (hereinafter referred to as "the collection suit.")

9.     The Plaintiff's Original Petition in the collection suit included as an attachment an affidavit from an authorized representative of Defendant LVNV FUNDING, LLC. The authorized representative swore under oath that the balance due on the account as of February 22, 2008, was $ 5343.98.

10.    Upon information and belief, no payments or other credits were made to the account in the period between February 15, 2008 and February 22, 2008.

## CLASS ACTION ALLEGATIONS

11.    Pursuant to FED. R. CIV. P. 23, Plaintiff brings this suit individually and as representative of a class of similarly situated persons.  The court should enter an order to certify a plaintiff class, as follows:

> All individuals to whom Defendant LVNV FUNDING, LLC sent (1) on or after the date one year before the filing of this suit, (2) a "Notice of Intent

       to Sue" letter, (3) that included a "balance" amount that exceeded the amount alleged in a subsequent affidavit filed in a suit to collect on the account (4) for an account that did not have any payments or credits between the date the letter was sent and the affidavit was signed.

       Specifically excluded from the class are all federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record of Defendants.

12.     The proposed plaintiff class meets the prerequisites of a class.

13.     The class is so numerous that joinder of all members is impracticable. Plaintiff is unable to state the exact number of the members of the class without the discovery of information available to Defendants, but upon information and belief avers that there are hundreds of class members. The number of the members of the class makes it impracticable to bring them all before the court.

14.     There are questions of law and fact common to the class. These questions predominate over any questions affecting only individual members of the class. The questions of fact and law affecting the class as a whole, include, but are not limited to:

- Whether the representation of the balance due in a "notice of intent to sue" letter that exceeds the amount of the actual amount due violations the Fair Debt Collection Practices Act.
- Whether class members are entitled to an injunction against Defendant.
- Whether Defendant is liable for attorney's fees.

15.     Plaintiff's claims are typical of the claims of the class. The claims have the same essential characteristics as the claims of the members of the class as a whole and are based upon identical legal theories. It is the same course of conduct that serves as the

gravamen of the claims against Defendants. The members of the class have suffered the same type of injury and possess the same interests as Plaintiff. The single resolution of these claims would be preferable to a multiplicity of similar actions.

16. Plaintiff, as the representative party, will fairly and adequately protect the interests of the class. The counsel representing Plaintiff and the class are qualified, experienced and able.

17. This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. *Predominance*. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members. The underlying facts are largely undisputed and liability will be determined as a matter of law. The few facts that are disputed will be resolved without the participation of individual class members. Plaintiff's claims do not present individual questions of causation or reliance. The facts of Defendants' practice are common to all members.

19. *Superiority*. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Given the large size of the class, individual adjudication of the claims would require thousands of lawsuits. Moreover, intervention and joinder would require the intervention or joinder of thousands of parties.

Individual adjudication, intervention, and joinder, therefore, are not reasonable options. Class treatment is superior to all other methods of adjudicating the claims of the putative class.

20. *Individual control.* The interests of members of the class in individually controlling the prosecution or defense of separate actions do not outweigh the benefits of class treatment. Members of the class possess claims for economic damages that in most instances do not exceed a thousand dollars. Thus, no individual class member possesses an overriding interest in the right to retain counsel and litigate to conclusion an individual claim. In fact, individual adjudication of these claims remains wholly impractical. The class members would be compelled to spend substantially more money on attorney's fees and case costs to prosecute their individual claim than the amount of each individual claim. The interest of members of the class in individually controlling the prosecution or defense of separate actions, therefore, does not outweigh the benefits of class treatment.

21. *Other factors.* Plaintiff is not aware of any other cases pending by or against members of the class raising the claims asserted herein. This Court is the desirable forum for this controversy because the Defendant transacts business in this District. No significant difficulties are likely to be encountered in the management of a class action. Plaintiff will be able to identify class members through discovery of Defendants'

extensive computer database storing information regarding past and present customers. Thus, no difficulties exist regarding the identification of class members.

## Count 1

### (Claim under Fair Debt Collection Practices Act)

22. Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

23. Defendant is a "debt collector" as defined by 15 U.S.C.A. § 1692a (6) and subject to the FDCPA because it purchased the debts at issue while they were in default.

24. The prohibitions contained in the FDCPA apply to Defendant's attempts to collect the Lopez account and the accounts of class members.

25. The FDCPA prohibits "false, deceptive, or misleading representation or means in connection with the collection of any debt:"

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …
>
> (2) The false representation of--
>     (A) the … amount … of any debt; or …
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. …
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. Defendant's misrepresentations in the Notice of Intent To Sue letters, set out above, violate both the general prohibition and the specific prohibitions in subsections 2, 5, and 10.

26. The FDCPA also prohibits the use of unfair practices:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f. Defendant's misrepresentations in the Notice of Intent To Sue letters, set out above, constitute an unfair and/or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

27. The FDCPA provides for monetary damages as follows:

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of —
>
> **(1)** any actual damage sustained by such person as a result of such failure;
>
> **(2) (A)** in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> **(B)** in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and
>
> **(3)** in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. …

15 U.S.C. § 1692k (a).

28.     Class members and the named Plaintiff are entitled to collect from Defendant the actual damages resulting from Defendant's violations of the statute.

29.     The named Plaintiff is entitled to recover an additional $1000 from Defendant.

30.     Class members are entitled to collect from Defendant such additional amounts as the court may allow.

31.     Plaintiff has been required to engage the services of the undersigned attorneys to prosecute this action.  Plaintiff and the Plaintiff Class are entitled to recover of and from Defendant LVNV FUNDING, LLC the costs of the action, together with a reasonable attorney's fee.  15 U.S.C. § 1692k (a)(3).

## JURY DEMAND

32.     Plaintiffs request a trial by jury against Defendant on all issues triable as a matter of right.

        WHEREFORE, Plaintiff Aida Lopez, individually and on behalf of all other persons similarly situated, requests that Defendant be cited to appear and answer in this action, and that upon final trial of this cause, the Court issue judgment that Plaintiff and the Plaintiff Class have and recover over and against Defendant LVNV FUNDING, LLC, a judgment for the damages made the basis of this lawsuit, post judgment interest, reasonable and necessary attorney's fees, and costs of court.  Plaintiff Aida Lopez,

individually and on behalf of all other persons similarly situated, also requests all other relief to which the Plaintiff and the Plaintiff Class are justly entitled.

        Respectfully submitted,

        Jeffrey L. Weinstein, P.C.

        By: ___/s/ Jeffrey L. Weinstein___
            Jeffrey L. Weinstein
            State Bar No. 21096450
            James H. Owen
            State Bar No. 15368200

        518 East Tyler Street
        Athens, Texas 75751
        (903) 677-5333
        (903) 677-3657 – facsimile

        **COUNSEL FOR PLAINTIFF**