# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

**AIDA LOPEZ, Individually and on Behalf
Of All Other Persons Similarly Situated,**

      **Plaintiff,**

**v.**

**LVNV FUNDING LLC,**

      **Defendant.**

**COURT FILE NO.:  3:08-cv-01859-B**

## ANSWER OF LVNV FUNDING LLC

Defendant LVNV Funding LLC ("LVNV"), as and for its Answer to the Complaint of Plaintiff Aida Lopez ("Plaintiff"), denies each and every allegation set forth therein unless otherwise specifically admitted herein or otherwise qualified and states and alleges as follows:

1. Defendant LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in Paragraph 1 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendant LVNV admits that it is a limited liability company formed under the laws of the state of Delaware and that it may be served via the Secretary of State of Texas.  LVNV denies all remaining allegations.

3. In response to Paragraph 3 of Plaintiff's Complaint, Defendant LVNV admits that statutes referenced confer jurisdiction upon this honorable court but denies that jurisdiction and venue are appropriate as it has not violated any law.

4. Defendant LVNV denies the allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Defendant LVNV denies the allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant LVNV admits that it acquired an account on which Plaintiff had defaulted.

7. Defendant LVNV denies the allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Defendant LVNV admits the allegations set forth in Paragraph 8 of Plaintiff's Complaint, upon information and belief.

9. Defendant LVNV admits the allegations set forth in Paragraph 9 of Plaintiff's Complaint, upon information and belief.

10. Defendant LVNV admits the allegations set forth in Paragraph 10 of Plaintiff's Complaint, upon information and belief.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant LVNV admits that Plaintiff brings this matter on her behalf and on behalf of a putative class, but LVNV denies that it violated any law and denies that any class exists and denies that certification is appropriate.

12. Defendant LVNV denies the allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Defendant LVNV denies the allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Defendant LVNV denies the allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendant LVNV denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Defendant LVNV denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendant LVNV denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendant LVNV denies the allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendant LVNV denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Defendant LVNV denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Defendant LVNV denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Defendant LVNV restates and realleges paragraph 1 through 21 as though fully stated herein.

23. Defendant LVNV denies the allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendant LVNV denies the allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. In response to Paragraph 25 of Plaintiff's Complaint, LVNV states that the FDCPA speaks for itself while denying said paragraph to the extent, if any, that it misrepresents or misconstrues the FDCPA or case law interpreting the FDCPA. LVNV denies that it violated the FDCPA.

26. In response to Paragraph 26 of Plaintiff's Complaint, LVNV states that the FDCPA speaks for itself while denying said paragraph to the extent, if any, that it misrepresents or misconstrues the FDCPA or case law interpreting the FDCPA. LVNV denies that it violated the FDCPA.

27. In response to Paragraph 27 of Plaintiff's Complaint, LVNV states that the FDCPA speaks for itself while denying said paragraph to the extent, if any, that it misrepresents or misconstrues the FDCPA or case law interpreting the FDCPA. LVNV denies that it violated the FDCPA.

28. Defendant LVNV denies the allegations set forth in Paragraph 28 of Plaintiff's Complaint.

29. Defendant LVNV denies the allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendant LVNV denies the allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendant LVNV denies the allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. In response to Paragraph 32 of Plaintiff's Complaint, LVNV admits that Plaintiff requests a trial by jury but denies that such a trial is appropriate as there has been no violation of law.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to states a cause of action upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, if applicable, which Defendant LVNV denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Defendant LVNV affirmatively asserts that this Court lacks subject matter jurisdiction over this Complaint as there has been no violation of the law.

### FOURTH DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

### FIFTH DEFENSE

LVNV asserts the affirmative defenses of laches, estoppel, and waiver.

### SIXTH DEFENSE

Defendant LVNV reserves the right to assert such other affirmative defenses available pursuant to Rule 8(c) and 12(b) of the Federal Rules of Civil Procedure as may be revealed through discovery and disclosure in this matter.

### SEVENTH DEFENSE

LVNV asserts that it has never communicated with Plaintiff and that any claim to the contrary is a false statement.

## **RESERVATION OF CLAIM**

Defendant LVNV reserves the right to assert a claim under 15 U.S.C. §§ 1692k(a)(3).

**WHEREFORE,** Defendant LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against Defendant LVNV with prejudice and on the merits;

2. Awarding Defendant LVNV attorney fees and costs; and,

3. Awarding Defendant LVNV such other and further relief as the Court deems just and equitable.

                                      Respectfully submitted,

                                      SCANLAN, BUCKLE & YOUNG, PC

                                      s/ David C. Sander
                                      David C. Sander
                                      Texas Bar No. 00788348
                                      602 West 11th Street
                                      Austin, TX  78701
                                      E-mail: dsander@sbylaw.com
                                      Tel: 512/478-4651
                                      Fax:  512/478-7750
                                      Attorneys for
                                      Defendant LVNV Funding LLC

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 5, 2008 I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

    Jeffery L. Weinstein
    James H. Owen
    Jeffery L. Weinstein, P.C.
    518 East Tyler Street
    Athens, Texas 75751

                                                        <u>s/ David C. Sander</u>